Reese, J.
delivered the opinion of the court
This is a bill of review by the complainants, the administrators of Russell Dance, deceased, to reverse a decree obtained .against them in the Chancery Court, by the guardian of the minor heirs of McGregor and others, for error, patent upon the said decree. The error set forth in this bill is, that the complainants were made defendants in their representative character only, as the administrators of Russell Dance, deceased, and not in their individual character; that said bill was taken for confessed against them, and heard ex parte; that in said bill there was no allegation whatever that they had wasted or committed a devastavit of the assets in their hands; that there was no enquiry or report as to the amount of those assets; and yet, that in the final decree it was adjudged that they should pay the amount decreed against them out of the goods and chattels in their hands as administrators, if sufficient, and if not, out of their own proper goods and chattels. And further, that prior to this decree the said complainants, the administrators of Dance, had filed in the Chancery Court their bill suggesting and alledging the insolvency of their said intestate’s estate, pursuant to the act of 1837, of which the complainants in the said original bill had notice. Upon general grounds,- there *435 fore, and upon this latter ground, they alledge that the decree against them individually, de bonis popriis, was erroneous. Of this opinion, and upon both grounds, is this court. Even at law, it has been held for more than twenty years, since the case of Massingill vs. McCorkle, in Haywood’s Reports, that such a judgment is erroneous, and, a fortiori, it will be so held, inequity, where the object of the bill is to obtain a decree against the ^personal representative in that character, and where there is no issue, or contest, as to whether said representative has wasted the assets and subjected himself individually, and where there has been no enquiry, report or decree on the amount of assetsthat c.ame to the hands of the representative, and their proper or improper application, If the effect of the act of 1837, upon the filing of a bill suggesting insolvency be not to suspend eo instanti, and by mere operation of the law and of the act of filing th'e bill, all further progress in suits pending against the personal representative, it at least makes any future decree or judgment against him individually, and de bonis projpriis, er-ronepus. Not to hold so, would be to contravene the very object of the act and the protection intended to be furnished by filing the bill, and the equitable pro rata distribution, which forms its leading policy. That a decree in chancery does not, and in general should not conclude a personal representative as to assets, see the case of Read Cox vs. Win. Cox’s executor, 2 Yerger.
Leave to file this bill of review, and an injunction were obtained from the Chancellor at chambers; and it is said, that according to the course of a court of equity, leave to file the same should have been obtained in open court; and we think there should have been an order to that effect made upon the minutes of the court. But this question does not arise, and cannot be looked into, upon the demurrer. The formal demurrer to,a bill of review is like the plea of in nulio est erratum, in a writ of error at law. It affirms the correctness and validity of the original decree; it places the matter upon that; it raises no such question as the one relating to the leave of the court. If the parties defendant to this bill proposed to place themselves upon that ground, they should not have demurred, but should *436 have moved to take the paper from the files; in 'which case, no doubt, the court would thereupon have granted the leave to file the bill. In pursuing the course they did, the necessary leave was taken for granted, by both parties and by the court, and these complainants should not no'w be turned round here upon such an objection.
Upon the whole, then, we are of opinion, that the decree of the Chancellor on this bill of review should be reversed, and* also so much of his decree in the original suit, as proceeds against these complainants individually de bonis jyropñis: and we order, that the complainants recover their costs in the bill of review from the representatives and heirs of McGregor.